IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| OPEN MORTGAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OPEN MORTGAGE, LLC and<br>LEWIS PORETZ,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL NO.<br><br> |

## ORIGINAL COMPLAINT

The Original Complaint of Plaintiff Open Mortgage, LLC of Austin, Texas (hereinafter "Open Mortgage" or "Plaintiff"), appearing herein through the undersigned counsel, represents to the Court as follows:

### PARTIES

1. Plaintiff is a limited liability company organized in the State of Texas, having an address of 14101 W. Highway 290, Building 800, Austin, Texas 78737.

2. Defendant Open Mortgage, LLC (hereinafter "OMMD") is, upon information and belief, a limited liability company organized in the State of Maryland, having a business address 2661 Riva Road, Unit 611-B, Annapolis, Maryland 21401.

3. Defendant Lewis Poretz (hereinafter "Poretz") is, upon information and belief, an adult individual having an address of 5109 Dawn Drive, Lothian, Maryland 20711. Upon information and belief, Poretz is the organizer and principal of OMMD.

## NATURE OF THE ACTION; JURISDICTION OF THE COURT

4. This is an action for trademark infringement, use of a counterfeit mark, unfair competition, and cybersquatting under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1114 and 1125(a) and (d), and for unfair competition under the common law of the State of Texas.

5. This Court has jurisdiction over this cause of action under the Trademark Act of 1945, as amended, 15 U.S.C. §§ 1121, and the Judicial Code of the United States, 28 U.S.C. §§ 1338 and 1367.

## OPEN MORTGAGE AND OPEN MORTGAGE TRADEMARK

6. Open Mortgage is a mortgage lending concern that has been in the business of providing mortgage banking, mortgage brokerage, and mortgage lending services under the trade mark OPEN MORTGAGE since at least as early as 2003.

7. On October 18, 2007, Open Mortgage filed an application to register, and on November 4, 2008, Open Mortgage was granted United States Trademark Registration No. 3,526,629 for the mark OPEN MORTGAGE used in connection with "Mortgage banking; Mortgage brokerage; [and] Mortgage lending," claiming a date of first use in commerce of June 8, 2003 ("the Registration"). *See* Exhibit 1.

8. Open Mortgage has used the mark OPEN MORTGAGE in connection with mortgage banking, mortgage brokerage, and mortgage lending ("the Services") continuously and without interruption since at least as early as June 8, 2003, and the OPEN MORTGAGE mark is presently in use with the Services.

9.  Open Mortgage has provided the Services in connection with the mark OPEN MORTGAGE throughout the State of Texas and the United States since at least as early as June 8, 2003.

10.  The Registration is valid and subsisting.

11.  Open Mortgage has invested years and countless dollars in developing and maintaining the goodwill associated with the OPEN MORTGAGE mark, so Open Mortgage actively and consistently polices and monitors unauthorized and potentially confusing uses of the OPEN MORTGAGE mark in an effort to deter trademark infringement and unfair competition.

12.  The OPEN MORTGAGE mark has become distinctive of the Services through continuous and substantially exclusive use by Open Mortgage with the Services since at least as early as June 8, 2003, and through use of the OPEN MORTGAGE mark on its Web site located at www.openmtg.com, documents and other materials disseminated in connection with the Services, and advertisements related to Open Mortgage and the Services.

## DEFENDANTS OMMD AND PORETZ AND THE UNAUTHORIZED USE OF THE DESIGNATION "OPEN MORTGAGE" AND THE DOMAIN NAME

13.  Upon information and belief, OMMD and its principal Poretz have used the designation "Open Mortgage" in connection with mortgage lending services ("Defendants' Services") since March 2007 without the authorization of Plaintiff.

14.  Defendants' Services provided in connection with the designation "Open Mortgage" are a subset of the Services offered by Open Mortgage in connection with the registered trademark OPEN MORTGAGE.

15. Upon information and belief, Defendants have had actual notice of Open Mortgage's prior use of the mark OPEN MORTGAGE and the Services with which that mark is used since at least as early as August 2007.

16. Despite Defendants' actual notice of Open Mortgage's use of the registered mark OPEN MORTGAGE in connection with the Services, Defendants have continued to use the designation "Open Mortgage" in connection with Defendants' Services without the authorization of Open Mortgage.

17. Upon information and belief, Defendants have expanded the geographic scope of Defendants' use of the designation "Open Mortgage" in connection with Defendants' Services since Defendants first acquired actual notice of Open Mortgage's prior use of the mark OPEN MORTGAGE, the Services with which that mark is used, and Open Mortgage's claim of ownership of and exclusive nationwide rights in and to the mark.

18. Defendants promote Defendants' Services by means of a Web site located at www.openmortgage.com ("the Domain Name"), which is identical to Open Mortgage's registered OPEN MORTGAGE mark, radio and print advertisements, and video "commercials" on the nationwide broadcasting Web site YouTube.

19. The Domain Name is registered in the name of Premier Mortgage Funding, which, upon information and belief, is an *alter ego* of and is owned and controlled by Defendants OMMD and Poretz.

20. Upon information and belief, Defendants acquired ownership and control of the Domain Name with the bad faith intent to profit from Open Mortgage's registered OPEN MORTGAGE mark.

21. Open Mortgage first became aware of Defendants' unauthorized use of the designation "Open Mortgage" in connection with Defendants' Services in August 2007, when the first of several instances of actual confusion between Open Mortgage's use of the registered trademark OPEN MORTGAGE and Defendants' unauthorized use of the designation "Open Mortgage" was brought to the attention of Open Mortgage.

22. In an electronic mail dated September 24, 2007, Poretz advised Open Mortgage that he

> receive[s] many emails daily from people who think [Open Mortgage's] domain is openmortgage.com. Obviously they are trying to send to openmtg.com…. I have been receiving appraisals, invoices, approvals from investors and other openmtg.com specific documents…. I typically reply to these daily emails that they need to send to openmtg.com and not openmortgage.com. I have been receiving so many emails through my catch all account that I can no longer reply to them.

See Exhibit 2.

23. In an electronic mail dated October 3, 2007, Poretz referred to the number of misdirected electronic mails he received that were intended for Open Mortgage, advising Open Mortgage that "I really am ready to get licensed in Texas and the other states you are licensed in - I could have a great lead generating system - for free." See Exhibit 3.

24. In another electronic mail dated October 3, 2007, Poretz responded to Open Mortgage's advice that Poretz could configure his electronic mail server to automatically forward misdirected electronic mail intended for Open Mortgage to its intended recipients by stating "I want everything sent to my domain. Why would I want those emails to bounce. [sic] They could be worth money to me." See Exhibit 4.

## OPEN MORTGAGE'S EFFORTS TO TERMINATE DEFENDANTS OMMD'S AND PORETZ'S UNAUTHORIZED USE OF THE DESIGNATION "OPEN MORTGAGE" AND THE DOMAIN NAME

25.  On October 31, 2007, counsel for Open Mortgage wrote to Poretz in his capacity as principal of OMMD, demanding that Defendants cease and desist all use of the designation "Open Mortgage" in connection with Defendants' Services and all financial services, as well as the Domain Name. *See* Exhibit 5.

26.  On November 7, 2007, counsel for Open Mortgage received a letter from counsel for Defendants declining to comply with Open Mortgage's demands, claiming that Defendants' use of the designation "Open Mortgage" is generic, and alleging that Defendants are the senior users of the designation "Open Mortgage" in connection with Defendants' Services in Defendants' market area. *See* Exhibit 6.

27.  On November 9, 2007, counsel for Open Mortgage responded to counsel for Defendants, challenging the claims of generic use and senior use of the designation "Open Mortgage" in Defendants' market area and requesting that Defendants provide evidence of their date of first use of the designation and define their market area. *See* Exhibit 7.

28.  Counsel for Open Mortgage and Defendants conferred by telephone on December 4, 2007 and counsel for Defendants promised a response to the November 9, 2007 correspondence.

29.  On January 2, 2008, counsel for Defendants wrote to counsel for Open Mortgage, failing to provide the requested information regarding Defendants' alleged date of first use of the designation "Open Mortgage," but offering a counterproposal of settlement. Defendants' counterproposal contemplated carving out certain states as Defendants' market

area, reciprocal agreements not to do business in each other's defined market areas, and an agreement by Defendants not to oppose Open Mortgage's then-pending trademark application to register the mark OPEN MORTGAGE with the Services. *See* Exhibit 8.

30. On January 17, 2008, counsel for Open Mortgage wrote to counsel for Defendants, declining Defendants' counterproposal, but offering two (2) distinct settlement proposals, both of which would have allowed Defendants to continue providing Defendants' Services in connection with the designation "Open Mortgage" with little or no interruption to Defendants' business. *See* Exhibit 9.

31. Counsel for Open Mortgage received no response to the January 17, 2008 correspondence, despite subsequent telephone messages and electronic mails requesting a response. On March 8, 2008, counsel for Defendants left a voicemail message for counsel for Open Mortgage declining both settlement proposals in the January 17, 2008 correspondence and renewing Defendants' counterproposal in the January 2, 2008 correspondence.

32. On March 13, 2008, counsel for Open Mortgage and Defendants conferred by telephone, and counsel for Defendants agreed to (1) provide counsel for Open Mortgage with an identification of the geographic scope of Defendants' alleged common law rights in the designation "Open Mortgage" (contrary to Defendants' earlier claim of generic use) and (2) advise if Defendants would be willing to place an introductory page on the Web site located at the Domain Name, disclaiming any connection to, affiliation with, or sponsorship by Open Mortgage.

33. Between April 11, 2008 and the filing date of this Original Complaint, counsel for Open Mortgage has sent electronic mails and left voicemail messages for counsel for Defendants requesting the information promised in the March 13, 2008 telephone conference, but counsel for Open Mortgage has received no response.

34. Upon information and belief, since March 13, 2008, Defendants have further expanded the geographic scope of Defendants' use of the designation "Open Mortgage" in connection with Defendants' Services and Defendants have begun to promote Defendants' Services by means of radio and print advertisements and video "commercials" on at least two (2) channels on the nationwide broadcasting Web site YouTube. *See* Exhibits 10, 11, and 12.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT AGAINST DEFENDANT OMMD

35. Plaintiff Open Mortgage re-alleges Paragraphs 1-34 hereof as if fully set forth herein.

36. The acts of Defendant OMMD complained of above constitute trademark infringement in violation of 15 U.S.C. § 1114.

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT AGAINST DEFENDANT PORETZ

37. Plaintiff Open Mortgage re-alleges Paragraphs 1-34 hereof as if fully set forth herein.

38. The acts of Defendant Poretz complained of above constitute trademark infringement in violation of 15 U.S.C. § 1114.

## COUNT III

## USE OF A COUNTERFEIT MARK IN CONNECTION WITH THE SALE AND DISTRIBUTION OF GOODS AND SERVICES AGAINST DEFENDANT OMMD

39.   Plaintiff Open Mortgage re-alleges Paragraphs 1-34 and 36 hereof as if fully set forth herein.

40.   The acts of Defendant OMMD complained of above constitute use of a counterfeit mark in connection with the sale and distribution of services in violation of 15 U.S.C. § 1114.

## COUNT IV

## USE OF A COUNTERFEIT MARK IN CONNECTION WITH THE SALE AND DISTRIBUTION OF GOODS AND SERVICES AGAINST DEFENDANT PORETZ

41.   Plaintiff Open Mortgage re-alleges Paragraphs 1-34 and 38 hereof as if fully set forth herein.

42.   The acts of Defendant Poretz complained of above constitute use of a counterfeit mark in connection with the sale and distribution of services in violation of 15 U.S.C. § 1114.

## COUNT V

## FEDERAL UNFAIR COMPETITION AGAINST DEFENDANT OMMD

43.   Plaintiff Open Mortgage re-alleges Paragraphs 1-34, 36, and 40 hereof as if fully set forth herein.

44.   The acts of Defendant OMMD complained of above constitute unfair competition in violation of 15 U.S.C. § 1125 (a).

## COUNT VI

## FEDERAL UNFAIR COMPETITION AGAINST DEFENDANT PORETZ

45. Plaintiff Open Mortgage re-alleges Paragraphs 1-34, 38, and 42 hereof as if fully set forth herein.

46. The acts of Defendant Poretz complained of above constitute unfair competition in violation of 15 U.S.C. § 1125 (a).

## COUNT VII

## VIOLATION OF FEDERAL ANTI-CYBERSQUATTING STATUTE AGAINST DEFENDANT OMMD

47. Plaintiff Open Mortgage re-alleges Paragraphs 1-34, 36, 40, and 44 hereof as if fully set forth herein.

48. The acts of Defendant OMMD complained of above constitute a violation of the Federal Anti-Cybersquatting Statute, 15 U.S.C. § 1125 (d).

## COUNT VIII

## VIOLATION OF FEDERAL ANTI-CYBERSQUATTING STATUTE AGAINST DEFENDANT PORETZ

49. Plaintiff Open Mortgage re-alleges Paragraphs 1-34, 38, 42, and 46 hereof as if fully set forth herein.

50. The acts of Defendant Poretz complained of above constitute a violation of the Federal Anti-Cybersquatting Statute, 15 U.S.C. § 1125 (d).

## COUNT IX

## COMMON LAW UNFAIR COMPETITION AGAINST DEFENDANT OMMD

51. Plaintiff Open Mortgage realleges Paragraphs 1-34, 36, 40, 44, and 48 hereof as if fully set forth herein.

52. The acts of Defendant OMMD complained of above constitute unfair competition in violation of the common law of the State of Texas.

## COUNT X

## COMMON LAW UNFAIR COMPETITION AGAINST DEFENDANT PORETZ

53. Plaintiff Open Mortgage realleges Paragraphs 1-34, 38, 42, 46, and 50 hereof as if fully set forth herein.

54. The acts of Defendant Poretz complained of above constitute unfair competition in violation of the common law of the State of Texas.

## IRREPARABLE INJURY

55. The acts of Defendants OMMD and Poretz complained of above are jeopardizing, have jeopardized, and, if allowed to proceed or resume, will continue to jeopardize the goodwill of Plaintiff Open Mortgage in the registered OPEN MORTGAGE mark and infringe upon the valuable rights of Plaintiff Open Mortgage therein. Such acts have caused and are causing irreparable injury to Plaintiff Open Mortgage and the consuming public.

56. Unless the acts of Defendants OMMD and Poretz complained of above are restrained by this Court, they will be continued and/or resumed and they will cause

irreparable injury to Plaintiff Open Mortgage and to the public for which there is no adequate remedy at law.

57. Open Mortgage has corresponded and otherwise communicated with Defendants OMMD and Poretz through counsel prior to commencing this action requesting that Defendants discontinue the use of the confusingly similar designation "Open Mortgage" and the Domain Name. Despite Open Mortgage's requests, Defendants continue - and, in fact, have expanded - the use of the confusingly similar designation "Open Mortgage" and the Domain Name, resulting in the commencement of this action. Defendants' actions are and were willful.

WHEREFORE, Plaintiff Open Mortgage prays:

(a) That Defendants OMMD and Poretz, their partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with Defendants and/or any of them, be permanently enjoined and restrained from using the confusingly similar designation "Open Mortgage," any mark or designation confusingly similar to "Open Mortgage," including, but not limited to, any mark or designation consisting, in whole or part, of the terms "Open" and "Mortgage," and the Domain Name;

(b) That Defendants OMMD and Poretz be ordered to transfer to Plaintiff Open Mortgage all right, title, and interest in and to, including, but not limited to, ownership and administrative control of, the Domain Name;

(c) That Defendants OMMD and Poretz be ordered to expressly abandon or cancel any and all federal and state applications filed to register or registrations either of

them owns for the confusingly similar designation "Open Mortgage," or any mark or designation confusingly similar to "Open Mortgage," including, but not limited to, any mark or designation consisting, in whole or part, of the terms "Open" and "Mortgage," and filings with state, county, or municipal bodies for business, assumed, or trade names, that consist, in whole or part, of the confusingly similar designation "Open Mortgage" or any mark or designation confusingly similar to "Open Mortgage," including, but not limited to, any mark or designation consisting, in whole or part, of the terms "Open" and "Mortgage";

        (d)    That Defendants OMMD and Poretz, their partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with Defendants and/or any of them, be required to deliver to the Court for destruction, or to show proof of said destruction, of any and all merchandise, displays, signs, circulars, promotional materials, advertisements, and/or other matter or materials in the possession, custody, or control of Defendants OMMD and Poretz, their partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with Defendants and/or any of them that consist of, bear, depict, or include, in whole or part, the confusingly similar designation "Open Mortgage" and/or the Domain Name, including, but not limited to, all plates, molds, casts, and other means of reproducing the confusingly similar designation "Open Mortgage" and/or the Domain Name or counterfeiting, copying or otherwise imitating the registered OPEN MORTGAGE mark;

        (e)    That Defendants OMMD and Poretz be ordered to file with this Court and to serve upon Plaintiff Open Mortgage, within thirty days after the entry of an

injunction, a report in writing and under oath setting forth in detail the manner in which Defendants have complied with the injunction;

(f) That Plaintiff Open Mortgage be declared the exclusive owner of all right, title, and interest in and to the registered OPEN MORTGAGE mark and the Domain Name;

(g) That, pursuant to 15 U.S.C. § 1117(c)(2), Defendant OMMD be ordered to pay statutory damages of up to one million dollars ($1,000,000) for each of its willful uses of a counterfeit mark in connection with the sale and distribution of distinct types of services in violation of 15 U.S.C. § 1114;

(h) That, pursuant to 15 U.S.C. § 1117(c)(2), Defendant Poretz be ordered to pay statutory damages of up to one million dollars ($1,000,000) for each of his willful uses of a counterfeit mark in connection with the sale and distribution of distinct types of services in violation of 15 U.S.C. § 1114;

(i) That, pursuant to 15 U.S.C. § 1117(d), Defendant OMMD be ordered to pay statutory damages of up to one hundred thousand dollars ($100,000) for its cybersquatting in violation of 15 U.S.C. § 1125(d);

(j) That, pursuant to 15 U.S.C. § 1117(d), Defendant Poretz be ordered to pay statutory damages of up to one hundred thousand dollars ($100,000) for his cybersquatting in violation of 15 U.S.C. § 1125(d);

(k) That, pursuant to 15 U.S.C. § 1117, Plaintiff Open Mortgage recover its costs and reasonable attorney fees from Defendants OMMD and Poretz, jointly and severally; and

    (l)  That this Court will grant such other and further relief as it may deem appropriate.

Dated: February 27, 2009      Respectfully Submitted,

                */s/ Randolph B. Houston, Jr.*
                Randolph B. Houston, Jr.
                FORTKORT & HOUSTON P.C.
                9442 N. Capital of Texas Highway
                Arboretum Plaza One, Suite 500
                Austin, Texas 78759
                Telephone: 512.343.4528
                Facsimile:  512.343.4530

                ATTORNEYS FOR PLAINTIFF
                OPEN MORTGAGE, LLC